**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ESTATE OF YANIRA SERRANO;
CARMEN GARCIA; IGNACIO
SERRANO; LORENZO SERRANO,

Plaintiffs-Appellants,

v.

MENH TRIEU; COUNTY OF SAN
MATEO,

Defendants-Appellees.

No.    16-15744

D.C. No. 3:14-cv-04081-MMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted February 15, 2018
Pasadena, California

Before:  THOMAS, Chief Judge, and REINHARDT and FISHER, Circuit Judges.

The plaintiffs appeal the summary judgment entered in favor of the

defendants in their 42 U.S.C. § 1983 action alleging excessive force in the shooting

death of Yanira Serrano by San Mateo Sheriff's Deputy Menh Trieu.  We have

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction under 28 U.S.C. § 1291, we review the grant of summary judgment de novo, *see Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 777 (9th Cir. 2014) (en banc), and we affirm.

**1.** The district court properly concluded the plaintiffs "failed to raise a triable issue as to their claim that Deputy Trieu's use of deadly force was unreasonable." Viewed in the light most favorable to the plaintiffs, the evidence shows Ms. Serrano was wielding an 11-inch steak knife with a six-inch blade in an aggressive manner, pursued Deputy Trieu as he retreated for approximately 160 feet, ignored Deputy Trieu's commands to stop and was within 15 to 20 feet of Deputy Trieu when he fired a single shot. Deputy Trieu was not required to continue his retreat. *See Glenn v. Washington County*, 673 F.3d 864, 876 (9th Cir. 2011) ("Officers 'need not avail themselves of the least intrusive means of responding to an exigent situation; they need only act within that range of conduct we identify as reasonable.'" (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994))); *Smith v. City of Hemet*, 394 F.3d 689, 704 (9th Cir. 2005) (en banc) ("[W]here a suspect threatens an officer with a weapon such as a gun or a knife, the officer is justified in using deadly force."). At minimum, summary judgment was proper because the plaintiffs have not pointed to any case that would have placed Deputy Trieu on "fair notice" that the use of deadly force was unconstitutional

2

under the circumstances of this case. *See City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1777 (2015).

**2.** The plaintiffs' contention that the district court misapplied the summary judgment standard is without merit. Summary judgment was appropriate because the evidence, viewed in the light most favorable to the plaintiffs, established Deputy Trieu's use of deadly force was reasonable. This conclusion did not depend on Deputy Trieu's credibility. The court, moreover, viewed each of the factual disputes the plaintiffs identify – Deputy Trieu's manner of approaching the Serrano residence; the distance between Deputy Trieu and Ms. Serrano at the time of the shooting; and Ms. Serrano's ability to ambulate as she advanced on Trieu – in the plaintiffs' favor.

**3.** Deputy Trieu is not liable based on events antecedent to the shooting. The Supreme Court rejected this court's provocation doctrine in *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1544 (2017). Although a proximate cause theory survives *Mendez*, the plaintiffs have not identified a constitutional violation preceding the shooting. *See id.* at 1548-49. The plaintiffs "cannot 'establish a Fourth Amendment violation based merely on bad tactics that result in a deadly confrontation that could have been avoided.'" *Sheehan*, 135 S. Ct. at 1777 (quoting *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002)).

3

**AFFIRMED.**